# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WAYNE JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:10-CV-1315-CEJ ) |
| STATE OF MISSOURI, et. al, | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the request of Wayne Jones (registration no. 89353), a pre-trial detainee at the St. Louis City Justice Center, to commence this action without payment of the required filing fee [Doc. #2].[1] For the reasons stated below, the Court will assess an initial partial filing fee of $15.97. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

---

[1]The Court will liberally construe plaintiff's undated letter to the Clerk of Court [Doc. #2] as a motion for leave to proceed in forma pauperis in this action.

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted a copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $79.83 and an average monthly balance of $9.10. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $15.97, which is 20 percent of plaintiff's average monthly balance.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint and Supplements**

Plaintiff brings this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Named as defendants are the State of Missouri, City of St. Louis, Medium Security Institution ("MSI"), and Gene Stubblefield, the superintendent of MSI. Plaintiff seeks monetary relief, as well as an order initiating a formal federal investigation of MSI.

Plaintiff alleges that, while confined at MSI, he and other inmates were subjected to a litany of unconstitutional conditions, including strip searches, degrading and humiliating treatment by correctional officers, a lack of grievance forms, no air conditioning, no exhaust or ventilation system, insufficient ice, disease and pest

infestation, building code violations, unsanitary food and tables, a lack of outside recreation, damaged appliances, fire hazards, structural damage relative to the roof and ceilings, the smuggling of illegal contraband into the institution, detainees assaulting one another, medical negligence in the dispensing of medications, a lack of summer attire, inadequate access to the law library, over-charging, and extortion of inmate funds.

## Discussion

Having carefully reviewed plaintiff's allegations, the Court concludes that this action is legally frivolous and fails to state a claim or cause of action against any of the named defendants. The State of Missouri is not a suable entity. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983). Moreover, jails, such as MSI, are not suable entities. See Lair v. Norris, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit).

Although a municipality is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy

or custom. Id. at 694. There being no such allegation in the present action, the complaint is legally frivolous as to defendant City of St. Louis.

Regarding defendant Gene Stubblefield, the Court notes that plaintiff is suing him in his official capacity. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Furthermore, plaintiff has failed to assert any facts that would establish Stubblefield's personal involvement in the violation of plaintiff's constitutional rights. As such, the complaint is legally frivolous as to this defendant. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or

directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

Last, plaintiff lacks standing to assert claims on behalf of other MSI inmates.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $15.97 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's "Motion Requesting Due Process by Way of Law Library" [Doc. #5] is **DENIED** as moot.

Dated this 1st day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE